UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN ROBINSON, et al., | Case No.: 1:20-cv-1239 DAD JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING THE MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS |
| v. | |
| YUNIESKY PORTELLE, et al., | (Doc. 19) |
| Defendants. | |

On July 1, 2021, attorney Theron T. Mitchell filed a motion to withdraw counsel of record for Plaintiffs Marvin Robinson, Linda McClure and James McClure-Beavers. (Doc. 19.) Neither the plaintiffs nor the defendants have opposed the request. Because counsel complied with the requirements of the Local Rules and demonstrated withdrawal is appropriate under the Rules of Conduct, the Court recommends the motion to withdraw (Doc. 19) be **GRANTED**.[1]

**I.      Background**

Plaintiffs initiated this action by filing a complaint in Kern County Superior Court, Case No. BCV-20-101711-DRL. (Doc. 1 at 2, ¶ 1; Doc. 6 at 6.) Plaintiffs seek to hold the defendants liable for negligence that resulted in a motor vehicle accident, which Plaintiffs assert caused property damage and personal injury. (*See* Doc. 6 at 7, 10.) On September 1, 2020, the defendants filed a Notice of

---

[1] The motion was referred to the assigned magistrate judge for the entry of Findings and Recommendations. (Doc. 20.)

1

Removal, thereby initiating the matter before this Court. (Doc. 1.) Defendants filed an amended Notice of Removal on September 8, 2021. (Doc. 6.)

On June 2, 2021, the Court held a settlement conference with the parties, and the case did not settle. (Doc. 13.) Mr. Mitchell reports there has since "been an irremediable breakdown of the attorney-client relationship." (Doc. 19 at 2.) He now seeks to withdraw as counsel for each of the three plaintiffs, who he notified in writing by FedEx Overnight delivery of the intention to file the motion for withdrawal. (*Id.* at 3.) The Court ordered Plaintiffs to file an opposition or notice of non-opposition no later than August 20, 2021. (Doc. 21.) In addition, Plaintiffs were informed "[t]heir failure to comply will result in the Court determining the motion without further notice to them." (*Id.*) To date, Plaintiffs have not opposed, or otherwise responded to, the motion for withdrawal of counsel.

## II.     Legal Standard

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182*; see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Id.*, 2009 WL 989141, at *1-2.

**III.    Discussion and Analysis**

Mr. Mitchell asserts that good cause exists for the withdrawal of representation because "Plaintiffs have repeatedly failed to maintain regular communications with Mitchell Law Firm, and as a result there has been an irremediable breakdown of the attorney-client relationship." (Doc. 19 at 2.) He reports Plaintiffs have "a complete lack of trust and confidence" toward him. (*Id.*) Further, Mr. Mitchell believes Plaintiffs exhibited "a complete lack of cooperation and understanding… relating to the nature and extent of their injuries and damages and the applicable legal standards that relate to their claims." (*Id.*) According to Mr. Mitchell, "[d]ue to this irremediable breakdown of the attorney-client relationship, the best interests of Plaintiffs would be best served by order granting [his request for] withdrawal." (*Id.*) He has provided the

The certificate of service indicates each plaintiff was served with the documents required by the California Rules, via FedEx Overnight Delivery. (*See* Doc. 19 at 4.) In addition, the Court ordered Plaintiffs to file any opposition to the motion, or notice of non-opposition, and served the plaintiffs at the addresses provided by counsel. (Doc. 21.) Plaintiffs did not oppose the motion, and thereby indicated their implicant consent to the withdrawal of counsel. Similarly, Defendants have not opposed the motion. There is no argument presented to the Court suggesting either party would suffer prejudice as a result of the withdrawal of counsel. Finally, any delay to the resolution of this case caused by the withdrawal will be minimal as discovery has closed, and no trial date is currently set. Accordingly, the Court finds the factors set forth in *Canandaigua Wine Co., Inc. v. Moldauer* weigh in favor of granting the motion to withdraw.

**III.    Findings and Recommendations**

Mr. Mitchell sufficiently followed requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as Plaintiffs' attorney and set forth proper reasons for the withdrawal. Therefore, the Court **RECOMMENDS**:

1. The motion to withdraw as counsel (Doc. 19) be **GRANTED**;
2. The Clerk's Office be directed to terminate Theron T. Mitchell as "Lead Attorney to be Noticed" for Plaintiffs Marvin Robinson, Linda McClure, and James McClure-Beavers in the Court docket, and update the docket to reflect Plaintiffs' last known contact

information as follows:

> Marvin Robinson
> 3721 Coolidge Avenue, Apt. D
> Oakland, CA 94602
>
> Linda McClure
> 3721 Coolidge Avenue, Apt. D
> Oakland, CA 94602
>
> James McClure-Beavers
> 2215 West Roselawn St.
> Rogers, AR 72756

3. Plaintiffs be directed to notify the Court whether they intend to represent themselves in the matter or have secured substitute counsel, and whether they intend to prosecute this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 24, 2021**                    _ /s/ Jennifer L. Thurston
                                                 CHIEF UNITED STATES MAGISTRATE JUDGE

4