UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN ROBINSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>YUNIESKY PORTELLE, et al.,<br><br>Defendants. | No.  1:20-cv-01239-DAD-BAK (BAM)<br><br><u>ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION AND FAILURE TO OBEY A COURT ORDER</u><br><br>(Doc. No. 24) |

Plaintiffs Marvin Robinson, Linda McClure, and James McClure-Beavers are proceeding *pro se* in this civil action against defendants.  Because it appears to the court that plaintiffs have abandoned the prosecution of this action, and because they have failed to obey court orders, the court will order plaintiffs to show cause in writing why this action should not be dismissed due to their failure to prosecute and failure to obey court orders.

Back on August 25, 2021, the then-assigned magistrate judge issued findings and recommendations recommending that the motion to withdraw as counsel of record for plaintiffs filed by plaintiffs' then-counsel Theron T. Mitchell be granted and that "plaintiffs be directed to notify the court whether they intend to represent themselves in this matter or have secured substitute counsel, and whether they intend to prosecute this action."  (Doc. No. 22.)  As noted in those findings and recommendations, plaintiffs did not file either an opposition or a statement of

non-opposition to their then-counsel's motion to withdraw as their counsel of record, despite the court's order directing them to do so. (*See* Doc. No. 21.) Moreover, plaintiffs did not file any objections to those findings and recommendations, or otherwise communicate with the court.

On October 14, 2021, the court adopted those findings and recommendations and granted attorney Mitchell's motion to withdraw as counsel of record for plaintiffs. (Doc. No. 24.) The court also ordered that within fourteen (14) days after service of that order, "plaintiffs shall notify the court in writing whether they intend to represent themselves in this action or have secured substitute counsel, and whether they intend to continue to prosecute this case." (*Id.* at 2.) Plaintiffs were cautioned that "[a]ny failure to so advise the court may result in an order dismissing this action due to plaintiffs' failure to obey a court order and to prosecute this case." (*Id.*)

A copy of the court's order was served on plaintiffs by mail at their addresses of record. On November 8, 2021, the service copies of the court's order that were mailed to plaintiffs Linda McClure and Marvin Robinson were returned to the court as "Undeliverable, Not Deliverable as Addressed." Neither plaintiff Linda McClure nor plaintiff Robinson have filed a notice of change of address with the court as required under the Local Rules. Moreover, none of the plaintiffs complied with the court's order dated October 14, 2021.

Accordingly, **plaintiffs are hereby ordered to show cause in writing within fourteen (14) days of service of this order why this action should not be dismissed due to their failure to prosecute this action and failure to obey court orders**.

Plaintiffs are warned, one final time, that their failure to timely respond to this order will result in dismissal of this action due to their failure to prosecute this action and failure to comply with court orders.

IT IS SO ORDERED.

Dated:   **February 7, 2022**

_____
UNITED STATES DISTRICT JUDGE